# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Edward Joseph Schafer, Respondent.

Appellate Case No. 2025-001123

---

Opinion No. 28302
Submitted September 11, 2025 – Filed October 1, 2025

---

## DEFINITE SUSPENSION

---

Disciplinary Counsel William M. Blitch, Jr. and Senior
Assistant Disciplinary Counsel Kelly Boozer Arnold,
both of Columbia, for the Office of Disciplinary Counsel.

Alexandre Thomas Postic, of Postic Law Firm, of
Columbia, for Respondent.

---

**PER CURIAM:**    In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, Respondent admits misconduct, agrees to pay costs, and consents to the imposition of a public reprimand, a definite suspension, or disbarment.  We accept the Agreement and suspend Respondent from the practice of law in this state for three years, retroactive to the date of interim suspension.  The facts, as set forth in the Agreement, are as follows.

## I.

Respondent was born in 1974 and was admitted to practice in 2004.  He has no prior disciplinary history.  The Agreement resolves a single disciplinary complaint that addresses two criminal arrests.

On September 28, 2011, Respondent was charged with driving under the influence (DUI), second offense, which is a misdemeanor. The following day, Respondent was charged with one count of giving or offering bribes to officers, which is a felony. Respondent represents that he was charged with bribery because he pled with the officer who arrested him to reduce the DUI charge and saying he would immediately pay the fine. Respondent insists he did not intend his statements to be a bribe. On May 17, 2012, Respondent pled guilty to the misdemeanor charge of reckless driving and the felony bribery charge was nolle prossed. ODC acknowledges there is not clear and convincing evidence of the bribery charge. Respondent nevertheless acknowledges he failed to self-report that he was charged with a felony as required by Rule 8.3(a), RPC, Rule 407, SCACR.

On January 4, 2021, Respondent was arrested on one felony count of criminal sexual conduct in the third degree. The allegations leading to this arrest were that on November 15, 2020, Respondent engaged in the sexual battery of a female while the female was sleeping in the nude by performing cunnilingus without her consent. Respondent represents he was also intoxicated at the time of the incident. Respondent represents he was first made aware of these allegations when he received a December 2020 letter from an attorney seeking a civil settlement on behalf of the female, which Respondent represents he refused. By order dated January 8, 2021, Respondent was placed on interim suspension. *In re Schafer*, 432 S.C. 414, 853 S.E.2d 873 (2021).

Respondent subsequently completed the pre-trial intervention program in March 2024, and the criminal sexual conduct arrest and charge were expunged in May 2024. The conditions of this program included paying restitution in the amount of $5,269, completing individual substance abuse counseling and education, and performing fifty hours of community service. Respondent acknowledges that his criminal conduct reflects adversely on his honesty, trustworthiness, and fitness as a lawyer and brings the legal profession into disrepute.

## II.

Respondent admits that his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.3(a) (requiring a lawyer who is arrested for or charged with a felony to inform ODC in writing within fifteen days); Rule 8.4(a) (prohibiting violations of the Rules of Professional Conduct); Rule 8.4(b) (prohibiting criminal acts that reflect adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects); and Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice).

Respondent also admits his misconduct is grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (providing a violation of the Rules of Professional Conduct is a ground for discipline); and Rule 7(a)(5) (providing conduct bringing the legal profession into disrepute or demonstrating an unfitness to practice law is a ground for discipline).

In the Agreement, Respondent agrees to the imposition of a public reprimand, a definite suspension, or disbarment and requests that any suspension or disbarment be imposed retroactively. Within thirty days, Respondent also agrees to pay costs and to complete an assessment with Lawyers Helping Lawyers (LHL). If additional services are recommended as a result of the assessment, Respondent agrees to enter into and comply with the terms of a monitoring contract with LHL, which shall include a monitor designated by LHL, within thirty days of the assessment. Should Respondent be reinstated to the practice of law in the future, Respondent agrees to submit quarterly reports to the Commission on Lawyer Conduct for a period of two years beginning thirty days after reinstatement. These reports shall include an affidavit of compliance by Respondent and a statement from his LHL monitor attesting to Respondent's adherence to the terms of his monitoring contract. Within thirty days after the conclusion of the two-year period, Respondent shall file a final report with the Commission from the LHL monitor regarding Respondent's compliance with the LHL contract. This report shall contain the monitor's recommendations for future monitoring, if any. If further monitoring is recommended, the Commission shall determine whether monitoring under the above terms shall be extended for another year.

Attached to the Agreement is an affidavit in mitigation in which Respondent explains that his life has improved in remarkable ways once he "surrendered to his alcoholism" and committed to recovery. Respondent explains he completed a treatment program at Pavillon Addiction Treatment Center, including the professionals extended care program. Thereafter, he immersed himself in the Alcoholics Anonymous community in Columbia, finding a home group, a sponsor, and sponsoring others. Respondent started a nonprofit to help other lawyers struggling with substance abuse disorder, and he has served as a life coach at the Oliver Gospel Mission since August 2023. Respondent has also spoken publicly about his experiences and sobriety journey to help others and decrease the stigma around alcoholism. He has also received a job offer to work with the Palmetto State Teachers' Association should he be reinstated to practice law.

Attached to Respondent's affidavit in mitigation are various character letters from respondent's addiction counselor, his AA sponsor, and his employer at Oliver Gospel Mission. The addiction counselor attests Respondent has "enthusiastically and diligently embraced a life of sobriety and is a shining example of someone living a life of recovery." His AA sponsor states Respondent has an "unwavering dedication to the process" of remaining sober and describes him as "one of the hardest-working people I have encountered." His supervisor at Oliver Gospel Mission states Respondent "shows up on time and works late" and engages in a variety of activities with the men at the mission "in a spirit of humility and support." This letter also attests to Respondent's "sincere compassion and willingness to help and support anyone that is genuinely wanting better for themselves."

## III.

Although we commend Respondent for his commitment to achieving and maintaining sobriety and assisting others in the same, Respondent's pattern of misconduct is serious and troubling. We find a three-year definite suspension is the appropriate sanction. Accordingly, Respondent is hereby suspended from the practice of law for a definite period of three years, retroactive to January 8, 2021, the date of his interim suspension.[1] Within thirty days, Respondent shall pay the costs incurred by ODC and the Commission in investigating and prosecuting this matter. Also within thirty days, Respondent shall submit to an assessment with LHL and submit the results of that assessment to the Commission.

**DEFINITE SUSPENSION.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**

---

[1] Should Respondent be reinstated to the practice of law in the future, it shall be upon the conditions as set forth in Section II of this opinion.